UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH M. GERARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:25-cv-00661-HAB-ALT |
| | ) |
| JASON SPENCER, *Sheriff of Whitley County, sued in his individual and official capacities*, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On March 2, 2026, *pro se* Plaintiff filed a motion for ECF access (ECF 9), arguing that without access, receiving filings by mail risks delay and prejudice. Plaintiff's motion (ECF 9) is DENIED as allowing ECF access in this case is against District policy.

Plaintiff's request to file electronically is against District policy because he is *pro se*. *Mapes v. CVS Health, Inc.*, No. 2:25-CV-00337-GSL-JEM, 2025 WL 2550378, at *1 (N.D. Ind. Aug. 13, 2025); *Wilson v. Park Ctr., Inc.*, No. 2:09-CV-184, 2010 WL 5818293 (N.D. Ind. Oct. 8, 2010), *R. & R. adopted*, 2011 WL 614091 (N.D. Ind. Feb. 11, 2011). The Federal Rules of Civil Procedure permit "[a] person not represented by an attorney" to "file electronically only if allowed by court order or by local rule." *Mapes*, 2025 WL 2550378, at *1 (alteration in original); *Turner v. Zurich Ins. Grp.*, No. 1:22-CV-01495, 2022 WL 20514785 (S.D. Ind. Aug. 2, 2022) (referencing Fed. R. Civ. P. 5(d)(3)(B)(i)). The Northern District of Indiana does not have a local rule allowing such. Additionally, Plaintiff has not demonstrated any exceptional circumstances that would permit this Court from deviating from this District policy.

Alternatively, Plaintiff asks that the Court allow dual delivery of filings through electronic means and through mail. (ECF 9). However, this is against the practice of the Court. When a Plaintiff proceeds *pro se*, the Court shall mail filings to the Plaintiff's address of record. Thus, the Court shall continue to do so.

*Pro se* Plaintiff's motion for ECF access (ECF 9) is DENIED.

Entered this 2nd day of March 2026.

    /s/ Andrew L. Teel
    Andrew L. Teel
    United States Magistrate Judge